IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTINA VILLAREAL | § § | |
| V. | § § | CIV. ACT. NO. 3:20-cv-1772 |
| BLUE CROSS BLUE SHIELD OF TEXAS | § § § | |

___

**DEFENDANT'S NOTICE OF REMOVAL**

___

COMES NOW Health Care Services, Corporation, incorrectly identified as BLUE CROSS BLUE SHIELD OF TEXAS, Defendant in the above-entitled and numbered matter, and files this, its Notice of Removal pursuant to 28 U.S.C. §1446(a).

I.
**INTRODUCTION**

1. Plaintiff Villareal filed her original Petition against Blue Cross Blue Shield of Texas on June 8, 2020, in the 44$^h$ Judicial District Court, Dallas County, Texas.

2. Defendant was served with the Original Petition on June 9, 2020; Defendant timely filed its original answer on July 3, 2020.

3. On July 3, 2020, Defendant filed its original Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b) in the Northern District of Texas, Dallas Division.

## II.
## **NATURE OF THE SUIT**

4.     Plaintiff filed suit in state court seeking the determination of the reimbursement rights of Plaintiff's health care plan related to the settlement of her personal injuries arising out of her accident of April 4, 2019 ("the Accident"). Plaintiff incorrectly states that Defendant is Plaintiff's health insurer.  Plaintiff incorrectly states that Defendant has a health care lien related to the accident.  Plaintiff's medical expenses were paid by the United Surgical Partners Intl. Health & Welfare Benefit Plan ("the Plan"), an employer-sponsored welfare benefit plan established under the Employee Retirement Income Security Act of 1974 ("ERISA").  The Plan is the only entity that has any rights of reimbursement.  As such, the Plan, through its Fiduciary, is filing a Motion for Leave to Intervene contemporaneously with this removal, to assert its rights of reimbursement.

5.     Both Plaintiff the Plan seek determination of the reimbursement duties/rights under the terms of the Plan.  The Plan is self-funded, as that term is defined in the ERISA statute, by the general assets of the employer and by contributions of participating members. The Plan has paid $57,926.71 in medical benefits for treatment for Plaintiff's personal injuries arising from the Accident.  Regardless of the amount in controversy, the exclusive jurisdiction of the enforcement of the terms of a self-funded ERISA plan falls within the jurisdiction of federal courts pursuant to §502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

III.
## BASIS FOR REMOVAL

6. Removal of this case is proper because Congress has given exclusive jurisdiction to federal courts in the enforcement of the terms of a self-funded ERISA plan. §502(a)(3) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132 provides that a fiduciary may file suit:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

7. Further, a plan beneficiary's suit to adjudicate her rights under an ERISA plan, whether based on state law or otherwise, can fairly be characterized as a claim to recover benefits due under the terms of the plan or as a claim to enforce the rights under the plan, both of which arise under §502(a). *Clancy v. Employer's Health Ins. Co.*, 82 F.Supp. 2d 589 (E.D. La. 1999), aff'd 248 F.3d 1142 (5th Circuit 2001) (unpublished opinion), cert. den'd 534 U.S. 820 (2001). The jurisdiction of such a suit to obtain appropriate equitable relief or to enforce the terms of the plan is set forth in §502(e), which provides:

> [T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.

8. Finally, §502(f) provides:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

9. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a) and LR 81.

10. Pursuant to 28 U.S.C. §1441(a), for purposes of removal, venue is proper to this district because this district and division embrace the place where the removed action has been pending.

11. Defendant will file promptly a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

WHEREFORE, PREMISES CONSIDERED, Defendant Health Care Services, Corporation, incorrectly identified as BLUE CROSS BLUE SHIELD OF TEXAS, prays that the state court action be removed to the above-entitled court because the exclusive jurisdiction for the enforcement of the terms of an ERISA plan lies with a United Stated District Court.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

Case 3:20-cv-01772-X   Document 1   Filed 07/03/20   Page 5 of 5   PageID 5

Respectfully submitted,

s/ Laura D. Schmidt
Laura D. Schmidt
SBN: 22142300
Southern Bar No: 593356
**KELLY, SMITH & SCHMIDT, P.C.**
5700 Tennyson Pkwy. Ste. 300 **
Plano, TX 75024
(972) 848-7300
(713) 861-7100
schmidt@kellysmithpc.com

*\*\*all mailed correspondence should be directed to the Houston office,* 4305 Yoakum Blvd., Houston, TX 77006

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon counsel of record on this the 3rd day of July, 2020, via:

__X__ certified mail, return receipt requested
_____ facsimile
_____ hand delivery
__X__ the state court e-file and serve system, as an attachment to the state-filed Notice.

s/ Laura D. Schmidt
Laura D. Schmidt

DEFENDANT'S NOTICE OF REMOVAL                                   Page 5