1 CIT ES

Case 3:20-cv-01772-X   Document 1-4   Filed 07/03/20   Page 1 of 4   PageID 10

FILED
6/8/2020 9:26 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

CAUSE NO. DC-20-07808

| | | |
|---|---|---|
| ERNESTINA VILLAREAL, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | B-44TH JUDICIAL DISTRICT |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DECLARATORY JUDGMENT

COMES NOW, ERNESTINA VILLAREAL, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendant, BLUE CROSS AND BLUE SHIELD OF TEXAS, and in support thereof would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN (LEVEL 1)

1.1   Pursuant to TEX. RULES OF CIV. P. 169 and 190.2, the discovery of this case is to be conducted under the Expedited Trial Process and Level 1 Discovery Control Plan.

### II.
### PARTIES

2.1   ERNESTINA VILLAREAL ("Plaintiff") is a resident of Tarrant County, Texas.

2.2   Blue Cross Blue Shield of Texas, A Division of Health Care Service Corp. ("Blue Cross") is an insurance company doing business in Texas and may be served with process by service upon its registered agent, **CORPORATION SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218**.

Blue Cross is being named pursuant to TEX. R. CIV. P. 28, which allows a party to be sued in its assumed or common name.

## III.
## JURISDICTION and VENUE

3.1     This Court has jurisdiction in this cause since the relief sought by the Plaintiff is within the jurisdictional limits of this Court.

3.2     This Court has personal jurisdiction over the parties to this action because the claims asserted herein arose directly from the Defendant's activities in Dallas County, Texas.

3.2     Venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 because a substantial party of the events giving rise to this suit occurred in Dallas County, Texas.

3.3     All conditions precedent have occurred.

## IV.
## CLAIM FOR RELIEF

4.1     Pursuant to TEX. RULE OF CIV. P. 47(c)(2), the Plaintiff seeks monetary relief of $100,000.00 or less and non-monetary relief.

4.2     Pursuant to 28 U.S.C. § 1332, Plaintiff seeks monetary relief in the amount of $74,999.99, exclusive of interests and costs.

## V.
## FACTS

5.1     On or about April 4, 2018, Plaintiff was involved in a motor-vehicle collision with third-party. Plaintiff made an insurance claim against the third-party, which was settled for $30,000.00.

5.2     Plaintiff was also covered by an under-insured motorist policy through Mercury Insurance Company. Plaintiff under-insured motorist claim has been settled for an additional $50,000.00, resulting in a total recovery of $80,000.00.

5.3     Bluecross is an insurer licensed to sell health insurance in Texas and has at all times relevant to this suit been Plaintiff's health insurance company. Bluecross has asserted a lien in the amount of $58,809.20 against the recovery made by Plaintiff.

## VI.
## REQUEST FOR DECLARATORY JUDGMENT

6.1     The Bluecross policy expressly limits its subrogation interest to claims against a "third-party or their insurer" for covered expenses. Accordingly, Bluecross is not entitled to any subrogation interest in the $50,000.00 under-insured motorist settlement.

6.2     Pursuant to TEX. CIV. PRAC. & REM. CODE §140.005(c), Bluecross' lien is limited to "one-half of the Plaintiff's gross recovery less attorney's fees and procurement costs." The total settlement with the tortfeasor in this matter was $30,000.00, the attorney's fees (40%) were $12,000.00, and the procurement costs were $1,075.46. Therefore, Bluecross' lien in this matter is capped by statute at $8,462.27.

6.3     Pursuant to the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE, § 37, Plaintiff seeks a determination of the validity and extent of Bluecross' subrogation interest. Specifically, Plaintiff seeks declaratory judgment that 1) Bluecross holds no subrogation interest in the $50,000.00 under-insured motorist settlement and 2) Bluecross' subrogation interest in the $30.000.00 third-party settlement is limited to $8,462.27.

6.4     Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009, the Plaintiff seeks reasonable and necessary attorney's fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff

recover damages and declaratory judgment in accordance with the evidence, as well reasonable attorney's fees and costs, and for such other further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: ____*Felipe Link*____

**FELIPE B. LINK**
State Bar No. 24057968
E-Mail: flink@linklawpc.com
**JAVIER GONZALEZ**
State Bar No. 24027331
E-Mail: jgonzalez@linklawpc.com
**DANIELLA R. ALVARADO**
State Bar No. 24109584
E-Mail: dalvarado@linklawpc.com

**LINK & ASSOCIATES**
10440 North Central Expy., Ste. 950
Dallas, Texas 75231
Telephone: (214) 214-3001
Facsimile: (214) 521-5871
**ATTORNEYS FOR PLAINTIFF**